```
           IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MARYLAND
                                  :
WINIE M. CADET
                                  :
   v.                             :   Civil Action No. DKC 21-2772
                                  :
PRINCE GEORGE'S COUNTY, et al.
                                  :
```

**MEMORANDUM OPINION**

Winie M. Cadet, Plaintiff, filed suit against Prince George's County and Prince George's County Health Department under the Rehabilitation Act, Title VII, the ADEA, Prince George's County and Maryland Code, and the Maryland Health Care Worker Whistleblower Protection Act.  She was employed as a Community Health Nurse in the County Health Department.

Both defendants, represented by an Associate County Attorney, filed a Motion to Dismiss or, in the Alternative, Motion for Judgment on the Pleadings.  (ECF No. 4).  They assert insufficiency of process, Eleventh Amendment immunity, and failure to state a claim upon which relief can be granted.  As will be discussed, service on Prince George's County was sufficient, and before the Eleventh Amendment issue can be addressed fully, the parties will need to provide more information on the threshold question of the status of the County Health Department.

Service of process requires a defendant be served with a proper summons and a copy of the complaint. Fed.R.Civ.P. 4(c)(1). It must be delivered by a person who is at least 18 years old and is not a party. Fed.R.Civ.P. 4(c)(2). "A state, a municipal corporation, or any other state-created governmental organization that is subject to suit" may be served by "serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Fed.R.Civ.P. 4(j)(2).[1]

As relevant for Defendant Prince George's County, service under Maryland law is made "by serving the resident agent designated by the local entity." Maryland Rule 2-124(l). "If the local entity has no resident agent or if a good faith effort to serve the resident agent has failed, service may be made by serving the chief executive or presiding officer or, if none, by serving any member of the governing body." *Id.* Service may be made "by mailing to the person to be served a copy of the summons, complaint, and all other papers filed with it by certified mail requesting: 'Restricted Delivery—show to whom, date, address of delivery.'" Md. Rule 2-121(a)(3). Where certified mail is used, the proof must be by affidavit (if the individual served is not a sheriff) which sets forth "the name of the person served, the date,

---

[1] Plaintiff mistakenly cites to Fed.R.Civ.P. 4(h), which governs service on corporations, partnerships, and associations.

and the particular place and manner of service" and "include[s] the original return receipt.". Md. Rule 2-126(a)(1)-(3).

Plaintiff has executed service on Defendant Prince George's County. Her attorney, Morris Fischer, attests that on January 2 he deposited in the mail "a copy of the Summons, Complaint and Civil Cover Sheet" addressed to the Prince George's County Executive, Angela Alsobrooks, at 1301 McCormick Drive, Suite 4000, Largo, MD 20774. (ECF No. 5, at 1). He attests that the mail was delivered, via United States Postal Service Certified, Restricted Delivery, and signed for on January 24. (*Id.*). He also attached an image of the original return receipt. (ECF No. 5-1). That the signature is illegible, as the Defendants point out in their reply, is irrelevant to whether the requirements of service were satisfied. Because service was effective on Ms. Alsobrooks, Defendants' arguments regarding the alternative service on Jordan Brooks are also irrelevant.

A much more complicated problem is presented, however, concerning the proper identification of Plaintiff's employer, the County Health Department. The County Health Department likely is not an entity that can be sued. Rather, it is a unit of either state or local government and Plaintiff must properly name and serve that government. She elected to name and serve Prince

3

George's County, but the County insists that the County Health Department is part of state, not county, government.

The parties' submissions on this topic are inadequate and the Defendants' motion to dismiss, or in the alternative for judgment on the pleadings, will be denied without prejudice to renewal. The parties will be directed to consult and propose an appropriate schedule for further briefing.

Defendants claim that the Prince George's County Health Department is a subdivision of the Maryland Department of Mental Health and Hygiene,[2] is not itself a legal entity,[3] and is, in any event, an arm of the State of Maryland, entitled to Eleventh Amendment sovereign immunity. The County has not always taken that position and has defended employment discrimination cases involving its Health Department. *See, e.g.*, Memorandum Opinion, *Jewell v. Prince George's Cnty.*, 01-cv-1258-AMD (D.Md. 2001) (ECF No. 17); *Treadwell v. Prince George's Cnty. Health Dep't*, 13-cv-0063-DKC, 2013 WL 6330824 (D.Md. 2013).

---

[2] The correct current name is the Department of Health.

[3] As noted by Defendants, Judge Hargrove noted three decades ago that "the Defendant Prince George's County Health Department, a subdivision of the Maryland Department of Mental Health and Hygiene, is not a legal entity. It has no capacity to sue or be sued. Thus, it will be dismissed from the case." *Brown v. Prince George's Cnty. Health Dep't*, No. 90-cv-0051-HAR, 1992 WL 142694, at *2 (D.Md. June 15, 1992).

Plaintiff responds that the County Health Department should be treated as a municipal corporation, citing *Harter v. Vernon*, 101 F.3d 334, 337 (4th Cir. 1996). She claims, without support or citation to authority, that any judgment will not come from the State treasury, that control over funding is limited to reimbursement for matching benefit funds and reporting requirements of the budget, and that while state law treats "some" of the personnel as state employees, there "is no State law that defines the County Health Department as an arm of the State."

The County's Health Department is in some fashion a creature of state law and has been recognized as such by the Maryland Court of Special Appeals:

> County Health Departments, including WCHD, function as part of the Maryland Department of Health and Mental Hygiene for certain administrative purposes. See 83 Op. Atty. Gen. 180 (1998). The Secretary of Health and Mental Hygiene appoints the Health Officer for each county. Md.Code Health-Gen. § 3-302(a) & (c). In turn, the Health Officer appoints the staff of the local county health departments. Health-Gen. § 3-306. In the instant case, Lori Brewster, the Wicomico County Health Officer, was the appropriate appointing authority.

*Perry v. Dep't of Health & Mental Hygiene*, 201 Md.App. 633, 638, (2011). Beyond that, the question is far more complicated and requires more information than provided thus far by counsel.

The appropriate test is discussed in *Ram Ditta v. Md. Nat'l Cap. Park & Planning Comm'n.*, 822 F.2d 456 (4th Cir. 1987):

5

> The Fourth Circuit has explained how *Ram Ditta* laid out four essential factors as to whether an entity is entitled to "Eleventh Amendment immunity":
>
>> [T]his court has stated the formula as a four-part, non-exclusive inquiry: (1) whether the state treasury will be responsible for paying any judgment that might be awarded; (2) whether the entity exercises a significant degree of autonomy from the state; (3) whether it is involved with local versus statewide concerns; and (4) how the entity is treated as a matter of state law.
>
> *Ristow v. S.C. Ports Auth.*, 58 F.3d 1051, 1052 n.3 (4th Cir. 1995) (quoting *Ram Ditta*, 822 F.2d at 457-48); *see also U.S. ex rel. Oberg v. Pa. Higher Educ. Assistance Agency*, 745 F.3d 131, 136 (4th Cir. 2014) (identifying and applying the above "four nonexclusive factors").

*Hammons v. Univ. of Md. Med. Sys. Corp.*, 551 F.Supp.3d 567, 586 (D.Md. 2021), *reconsideration denied*, No. 20-cv-2088-DKC, 2021 WL 4951921 (D.Md. Oct. 25, 2021).

Thus, the parties must provide a more fulsome discussion of the status of the County Health Department. Only when the court is able to resolve that question will the issues of service of process (and proper representation) and potential Eleventh Amendment immunity for the County Health Department be placed in proper focus. Accordingly, Defendants' Motion to Dismiss, or in the Alternative, Motion for Judgment on the Pleadings, (ECF No. 4),

6

will be denied without prejudice.  The parties are to consult and file a proposed schedule for further briefing within fourteen (14) days.  A separate order will follow.

                                                 /s/
                             DEBORAH K. CHASANOW
                             United States District Judge